**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000009
18-MAR-2026
07:58 AM
Dkt. 31 SO**

NO. CAAP-24-0000009

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ADELINO SAMUEL PACHECO, Petitioner-Appellee,
v.
DAVIANN TABION, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DSS-23-0000294)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

This appeal challenges the sufficiency of evidence to support the district court injunction against harassment. We reverse.

Self-represented Respondent-Appellant Daviann Tabion (**Tabion**) appeals from the December 5, 2023 order denying Tabion's November 22, 2023 non-hearing motion for reconsideration (**Order Denying Reconsideration**) on the November 13, 2023 "Order Granting Petition for Injunction Against

Harassment" (**Injunction Order**) filed by the District Court of the Second Circuit (**District Court**).[1]

On appeal, Tabion contends there was insufficient evidence to grant Petitioner-Appellee Adelino Samuel Pacheco's (**Pacheco**) November 1, 2023 "Petition for Ex Parte Temporary Restraining Order [(**TRO**)] and for Injunction Against Harassment" (**Petition**).

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced in the Opening Brief,[2] we resolve the contention as follows.

On November 1, 2023, Pacheco filed the Petition pursuant to Hawaii Revised Statutes (**HRS**) § 604-10.5.[3]  Pacheco

---

[1]     The Honorable Blaine J. Kobayashi presided.

While Tabion did not identify or attach the Injunction Order in her Notice of Appeal, the Opening Brief only challenges the Injunction Order and not the Order Denying Reconsideration.  We construe her appeal as challenging the Injunction Order.  See State v. Greybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (construing appellant's notice of appeal to appeal from judgment not attached to the notice of appeal).

[2]     Pacheco did not file an Answering Brief.

[3]     HRS § 604-10.5(b) (2016 & 2023 Supp.), provides the district courts "the power to enjoin, prohibit, or temporarily restrain harassment." The court must find "harassment" exists "by clear and convincing evidence" to grant an injunction.  Subsection (a) defines two types of harassment, a physical harm-based harassment in subsection (a)(1), and a "course of conduct"-based harassment in subsection (a)(2), as follows:

> (1) Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or
>
> (2) An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

alleged that Tabion "show[ed] up" at his residence and went "thr[ough] [his] b[e]longings while [he was] not there"; made "[r]epeated phone calls with threats of violence"; "sent her son into [his] y[a]rd to kill [his] [d]og"; and sent a realtor to "harras[] [sic]" him.  Attached to the Petition was a 1998 rental lease for Pacheco's residence.

On November 13, 2023, a hearing was held on the Petition.  Both Tabion and Pacheco, self-represented, were placed under oath, and the District Court asked if Pacheco stood "by the truthfulness of all of [his] statements" in the Petition, to which Pacheco responded, "Yes, sir."  Pacheco also testified that he just got released from prison, and that while in prison, he had let Tabion stay at his property that he was renting.  When Pacheco was released from prison and returned to his residence, he testified that the property was a "mess" with "rubbish all over the place[.]"  Pacheco testified that he talked to Tabion about the mess, and that Tabion stated that Pacheco was "screwing with the wrong person" and was "going to go down."  Pacheco testified that despite the property having his "stuff inside," he "tried [to] stay away" from Tabion, and stayed "on the other side" of the property.  Pacheco testified that a "guy down the road" told him that Tabion was "calling the cops" on Pacheco, and Pacheco was "scared of the cops[.]"  Lastly, Pacheco requested a "stay away" as follows:

> They went go lay black plastic on the ground, so nighttime get the dew on the ground, so I wake up at night, get tracks all through my thing, all by my window and stuff like, you know what I mean. I just went -- stay away. I like her [(Tabion)] stay away. I no like bother. I no like go back to jail so I been staying away from her [(Tabion)].

---

"Course of conduct" is defined as "a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose."  HRS § 604-10.5(a).

The District Court granted the Petition and a three-year injunction as follows:

> THE COURT: Okay. The Court has listened to the testimony of [Pacheco] and [Tabion]. I'm going to grant the injunction in this case.
>
> Mr. Pacheco, it can be issued for up to three years. How long would you --
>
> MS. TABION: Your Honor, I would --
>
> MR. PACHECO: I'd like the three years, please.
>
> MS. TABION: Your Honor, why are you granting it? He didn't show that I harassed --
>
> THE COURT: Because I'm finding --
>
> MS. TABION: I didn't kill his dog.
>
> THE COURT: I'm finding that --
>
> MS. TABION: -- that's what --
>
> THE COURT: -- his testimony is more credible than yours.
>
> MS. TABION: Really?
>
> THE COURT: So for a period of three years --
>
> MS. TABION: That's fine.

The District Court's Injunction Order stated: "[t]he parties presented evidence and the [District] Court found the allegations of the Petition proved by clear and convincing evidence." Tabion was ordered to refrain from "[c]ontacting, threatening or harassing [Pacheco]" and "[e]ntering or visiting" Pacheco's residence or workplace.

On November 22, 2023, Tabion filed a non-hearing motion to reconsider the Injunction Order, arguing there was insufficient evidence to support the Petition and that Pacheco did not "present evidence to support his claim[s]." On December 5, 2023, the District Court filed the Order Denying Reconsideration, from which Tabion timely appealed.

4

Tabion argues there "was insufficient evidence to grant the [P]etition[,]" where Pacheco had the "burden of proving by clear and convincing evidence that a protective order should be issued." Tabion claims the record is "devoid of any evidence of harassment," and that Pacheco did not testify or prove at the November 13, 2023 hearing that any harassment occurred. Tabion's argument has merit.

HRS § 604-10.5 requires a court to find "clear and convincing evidence" that "harassment" as defined in subsection (a)(1) or (a)(2) "exists[.]" "Clear and convincing evidence" is "that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly probable." Matter of JK, 149 Hawaiʻi 400, 409, 491 P.3d 1179, 1188 (App. 2021) (citation omitted). "Clear and convincing evidence" is "an intermediate standard of proof greater than a preponderance of the evidence, but less than proof beyond a reasonable doubt required in criminal cases." Id. (citation omitted). When reviewing whether a fact has been proved by clear and convincing evidence, an appellate court considers "whether the record as a whole contains substantial evidence from which a reasonable factfinder could have found it highly probable that the fact was true." Id. at 409-10, 491 P.3d at 1188-89 (citation and emphases omitted).

Here, the record as a whole does not reflect substantial evidence from which a reasonable factfinder could have found it highly probable that facts comprising either type of harassment were true. See id. The District Court's oral ruling granting the Petition relied on Pacheco's testimony at the hearing, which it found was "more credible" than Tabion's. The District Court's written Injunction Order found "the

5

allegations of the Petition proved by clear and convincing evidence." (Emphasis added.) Pacheco's allegations in the Petition and Pacheco's testimony at the hearing described different sets of vague allegations against Tabion. The Petition did not contain dates or times, and alleged that when Pacheco was "not there" at his residence, Tabion "show[ed] up," went through Pacheco's belongings, and made "[r]epeated phone calls with threats of violence." Pacheco also alleged that "one [d]ay" he "c[a]me [h]ome" and found his "[d]og" "dead" because Tabion "sent her son" into Pacheco's yard "to kill" it; and Tabion sent a realtor to "[h]arras[] [sic]" Pacheco. Pacheco's testimony at the hearing also did not provide dates and times, and claimed that: Pacheco's place was a "mess" after he let Tabion stay there while Pacheco was in prison; when Pacheco later confronted Tabion about the mess, Tabion told Pacheco that Pacheco was "screwing with the wrong person" and was "going to go down"; and that a "guy down the road" claimed that Tabion was "calling the cops" resulting in Pacheco "staying on the other side" of the property because Pacheco did not want to "talk to the cops or go to jail."

We conclude the District Court's finding in the Injunction Order that the Petition's allegations were "proved by clear and convincing evidence" was erroneous, because the Petition's allegations were not supported by the evidence at the hearing. The District Court did not explain what actions it was relying on to constitute "harassment," and the District Court did not specify whether it found physical-harm-based harassment under HRS § 604-10.5 subsection (a)(1), or course-of-conduct-based harassment under subsection (a)(2). On this record, the District Court clearly erred when it found that there was substantial evidence to support an injunction against Tabion.

6

Duarte v. Young, 134 Hawaiʻi 459, 462, 342 P.3d 878, 881 (App. 2014) ("Whether there was substantial evidence to support an injunction against an alleged harasser is reviewed under the 'clearly erroneous standard.'" (citation omitted)).

For the foregoing reasons, we reverse the November 13, 2025 Injunction Order, filed by the District Court of the Second Circuit.

DATED: Honolulu, Hawaiʻi, March 18, 2026.

On the brief:

Daviann Tabion,
Self-represented Respondent-
Appellant.

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge